UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY LENARD WELLS,

       Petitioner,

                                      Case No. 13-12734
v.                                         Honorable Mark A. Goldsmith

SHERRY L. BURT,

       Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO AMEND (Dkt. 12) AND DENYING PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING (Dkt. 10)

### I.  BACKGROUND

Petitioner Jeffery Lenard Wells is a state prisoner at the Muskegon Correctional Facility in Muskegon, Michigan.  He has filed a pro se habeas corpus petition challenging his Wayne County convictions for conspiracy to commit first-degree murder, Mich. Comp. Laws § 750.157a, Mich. Comp. Laws § 750.316,  assault with intent to commit murder, Mich. Comp. Laws § 750.83, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b.  He is serving a sentence of life imprisonment with the possibility of parole for the conspiracy conviction, thirty to fifty years in prison for the assault conviction, and a consecutive term of two years in prison for the felony firearm conviction.  In his habeas petition filed on June 20, 2013, Petitioner raises the following nine claims:

> I.  Petitioner was denied the right to a fair trial and due process of law pursuant to the Fifth and Fourteenth Amendments to the United States Constitution when the prosecution failed to present sufficient evidence of a conspiracy to commit murder between himself and deceased co-conspirator Carruthers.

II. Petitioner was denied the right to a fair trial and due process of law pursuant to the Fifth and Fourteenth Amendments to the United States Constitution when the trial court failed to sequester [the] Simmonses who were scheduled and did testify "because the case law and the statute are clear that they are allowed to be there."

III. Petitioner was denied the right to a fair trial and due process of law pursuant to the Sixth Amendment to the United States Constitution when his trial counsel opened the door to otherwise inadmissible evidence by calling Petitioner to testify that ski masks found in his car belonged to Keisha Pope, and that opened the door to taped jailhouse phone calls Mr. Wells made to her that tried to procure her perjured testimony which cannot be put off as adequate and sound trial strategy.

IV. Petitioner is entitled to writ of habeas corpus due to the cumulative effect of several errors which warrant reversal even if the individual errors in the case would not where there is an established air of unfairness mandating reversal in violation of Petitioner's right to a fair trial under the Fifth and Fourteenth Amendments to the United States Constitution.

V. Petitioner was denied the effective assistance of trial counsel in violation of his Sixth Amendment right to the United States Constitution when counsel failed to investigate and present the evidence of the cell phone left in his car and the cell phone records which directly supported his substantial defense at trial.

VI. Petitioner was denied the effective assistance of trial counsel in violation of his Sixth Amendment right to the United States Constitution when counsel failed to object, seek a continuance, or file a motion for mistrial when the prosecution used unpreserved evidence to deprive Petitioner of his only defense.

VII. Petitioner was denied the right to a fair trial guaranteed to him by the Fifth and Fourteenth Amendment[s] when the prosecution withheld exculpatory evidence and impeachment evidence which denied Petitioner the right to access to the evidence of his cell phone which was in his car at the time of the incident lading (sic) to his charges – thereby denying him the right to present a defense.

VIII. Petitioner was denied the right to a fair trial when the trial court clearly erred/abused its discretion when it failed to order a mistrial when the prosecution failed to preserve material evidence that was favorable to the petitioner.

> IX. Petitioner was denied the effective assistance of appellate counsel in violation of his Sixth Amendment right to the United States Constitution when appellate counsel failed to raise the above issues on appeal.

Pet. at 3-4 (Dkt. 1).

Currently before the Court are Petitioner's motion to amend his petition (Dkt. 12) and his motion for an evidentiary hearing (Dkt. 10).

## II. THE MOTION TO AMEND (Dkt. 12)

In his motion to amend the habeas petition, Petitioner states that he wishes to "delete" habeas claims II, III, and V. The Court believes that Petitioner meant to say he wishes to withdraw claims II, IV, and VIII, because those three claims are missing from the list of claims that Petitioner says he now wants the Court to consider, whereas claims III and V are still included in the list of amended claims. With this in mind, Petitioner's motion to amend (Dkt. 12) is granted. The case will proceed with the following claims, as enumerated on pages 2 and 3 of Petitioner's motion to amend:

> I. Petitioner was denied the right to a fair trial and due process of law pursuant to the Fifth and Fourteenth Amendments to the United States Constitution when the prosecution failed to present sufficient evidence of a conspiracy to commit murder between himself and deceased co-conspirator Carruthers.
>
> II. Petitioner was denied the right to a fair trial and due process of law pursuant to the Sixth Amendment to the United States Constitution when his trial counsel opened the door to otherwise inadmissible evidence by calling Petitioner to testify that ski masks found in his car belonged to Keisha Pope, and that opened the door to taped jailhouse phone calls Mr. Wells made to her that tried to procure her perjured testimony which cannot be put off as adequate and sound trial strategy.
>
> III. Petitioner was denied the effective assistance of trial counsel in violation of his Sixth Amendment right to the United States Constitution when counsel failed to investigate and present the evidence of the cell phone left in his car and the cell phone records which directly supported his substantial defense at trial.

> IV.  Petitioner was denied the effective assistance of trial counsel in violation of his Sixth Amendment right to the United States Constitution when counsel failed to object, seek a continuance, or file a motion for mistrial when the prosecution used unpreserved evidence to deprive Petitioner of his only defense.
>
> V.  Petitioner was denied the right to a fair trial guaranteed to him by the Fifth and Fourteenth Amendment[s] when the prosecution withheld exculpatory evidence and impeachment evidence which denied Petitioner the right to access to the evidence of his cell phone which was in his car at the time of the incident lading (sic) to his charges — thereby denying him the right to present a defense.
>
> VI.  Petitioner was denied the effective assistance of appellate counsel in violation of his Sixth Amendment right to the United States Constitution when appellate counsel failed to raise the above issues on appeal.

Pet. Mot. at 2-3 (Dkt. 12).

### III.  THE MOTION FOR AN EVIDENTIARY HEARING (Dkt. 10)

In his motion for an evidentiary hearing, Petitioner argues that an evidentiary hearing is necessary because the record is silent with regard to the strategy employed by appellate counsel and because there is a question of historical fact of what Petitioner said to the victim at some unspecified time on the telephone which has not been resolved.  Pet. Mot. at 1-2 (Dkt. 10).

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241, et seq., govern this case.  As the Sixth Circuit has explained, "AEDPA restricts the availability of federal evidentiary hearings.  For a claim that was adjudicated on the merits in a state court proceeding, sections 2254(d)(1) and (d)(2) of AEDPA apply, and the district court is limited to the record that was before the state court at the time."  Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 464 (6th Cir.) (citations omitted).

The state trial court determined on collateral review of Petitioner's convictions that appellate counsel was not ineffective for failing to raise certain issues on direct appeal, because none of the issues presented in Petitioner's motion for relief from judgment would have made a difference in the outcome of the trial.  12/30/11 State Trial Ct. Op. at 3-4 (Dkt. 9-13).  The state trial court also opined that Petitioner had failed to overcome the presumption that appellate counsel's decisions constituted sound strategy.  Id.  Because the state court adjudicated the merits of Petitioner's claim about appellate counsel, this Court is limited to the record that was before the state court.  Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

Accordingly, Petitioner's motion for an evidentiary hearing (Dkt. 10) is denied.

SO ORDERED.

Dated: June 11, 2014　　　　　　　　　　　　s/Mark A. Goldsmith
   Flint, Michigan　　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 11, 2014.

　　　　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　　　　　Case Manager